ACCEPTED
04-15-00183-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/7/2015 3:43:00 PM
KEITH HOTTLE
CLERK

**IN THE**
**COURT OF APPEALS**
**FOR THE**
**FOURTH SUPREME JUDICIAL DISTRICT**
**OF TEXAS**
**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/7/2015 3:43:00 PM
KEITH E. HOTTLE
Clerk

\* \* \* \* \*

---

**NO. 04-15-00183-CR**

---

**RICHARD LARES,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR10110
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

## APPELLANT RICHARD LARES' RESPONSE TO FOURTH COURT OF APPEALS' APRIL 7, 2015 SHOW CAUSE ORDER

**TO THE HONORABLE JUSTICES OF SAID COURT:**

COMES NOW, RICHARD LARES, the Appellant in the above styled and numbered cause, and files this his Response to the Fourth Court of Appeals' April 7, 2015 Show Cause Order why his appeal should not be dismissed for want of jurisdiction and in support thereof would show this court the following:

1

## HISTORY OF THE CASE

On August 11, 2009, Juanita Vasquez-Gardner, Judge Presiding for the 399th Judicial District Court signed a "Judgment of Conviction by Court – Waiver of Jury Trial" which incorrectly recited the date of the offense as "03-23-2006" rather than the correct date of the alleged offense of "09-03-2000." (CR 126-127). On February 27, 2012, Appellant Richard Lares (pro se) filed a "Motion Requesting Nunc Pro Tunc for Time Resolution" which recited that the proper date of the alleged offense was "09-03-2000" and not "03-23-2006" as incorrectly recited in the August 11, 2009 "Judgment of Conviction by Court – Waiver of Jury Trial." (CR 132-138). Appellant Richard Lares requested the trial court to make the necessary correction to the "Judgment of Conviction by Court – Waiver of Jury Trial." (CR 132-133). With no apparent action being taken on pro se Appellant Richard Lares' February 27, 2012 nunc pro tunc request, pro se Appellant Richard Lares on December 3, 2014 (over 2 ½ years later) filed pro se "Motion Nunc Pro Tunc on Plea Bargain" with the Court. (CR 157-163). With still no apparent action on pro se Appellant Richard Lares' February 27, 2012 and December 3, 2014 motion for nunc pro tunc requests, pro se Appellant Richard Lares on January 26, 2015 filed a pro se "Nunc Pro Tunc Motion to Correct Clerical Error." CR 164-171). On January 26, 2015, Judge Ray Olivarri, Judge Presiding for the 399th

2

Judicial District Court signed a Judgment Nunc Pro Tunc correcting the date of offense to "09-03-2000" from the incorrect recital of "03-23-2006." (CR 172).

On March 5, 2015, Appellant Richard Lares filed a pro se "Motion to Arrest Judgment." (CR 179-207). After not receiving any response from the Court on his March 5, 2015 "Motion to Arrest Judgment" on March 19, 2015, Appellant Richard Lares filed a pro se "Notice of Intent to Appeal" (the trial court's ruling on Movant's Motion to Arrest Judgment pursuant to Texas Rule of Appellate Procedure 22). (CR 208-212). In his pro se "Notice of Intent to Appeal" then pro se Appellant Richard Lares claimed that he submitted his "Motion to Arrest Judgment" to prison authorities on February 26, 2015. (CR 208). On March 26, 2015, Judge Ray Olivarri signed an "Appointment of Attorney - Appeal" appointing attorney Barry P. Hitchings as the court appointed attorney on the appeal in the above styled cause. (CR 213). On March 30, 2015, the Bexar County District Clerk submitted a "Criminal Appeals Certificate by Notice of Appeal to the Fourth Court of Appeals." (CR 214), On **May 1, 2015**, Judge Ray Olivarri signed an **"Order Denying Motion to Arrest Judgment"** which then pro se Appellant Richard Lares had previously filed on March 5, 2015. [See Exhibit "A" (not included in the Clerk's Record filed with the Fourth Court of Appeals on April 2, 2015)].

On October 5, 2012, the trial court signed an "Order Appointing Appeallate (*sic*) Counsel" appointing attorney Vincent Dennis Callahan (Bar# 3651700) to represent Appellant Richard Lares in an appeal of Appellant Richard Lares' case. (CR 139). However, on November 15, 2012, attorney Callahan filed an "Appointed Counsel's Motion to Withdraw as Attorney of Record" which was granted by 399th Judicial District Court Judge Juanita Vasquez-Gardner on the same day (*i.e.* November 15, 2012). (CR 140-143). In his motion to withdraw, attorney Callahan cited as "grounds to withdraw": (1) Appellant (Defendant's) state and federal post-conviction writ claims and the pending pro se pleading (Permission to File Notice of Direct Appeal and Brief in Support) all state the same complaints of the defendant including an allegation of insufficient evidence (but not a recantation by the complainant) and a request to file an out of time appeal with the state and federal post-conviction writ claims being denied on 12/7/11 and 8/15/12 and (2) further attempted prosecution of the pending pro se pleading would be an abuse of the writ process and would be frivolous. (CR 140-142). No appellant's brief was ever filed by court appointed attorney on appeal Callahan.

On April 7, 2015, the Fourth Court of Appeals signed an Order which ordered "Appellant Richard Lares to show cause in writing within THIRTY DAYS of the date of this order why this appeal should not be dismissed for want of

4

jurisdiction" and suspending all other appellate deadlines pending further order of the Fourth Court of Appeals.

## ARGUMENT AND AUTHORITIES

In the Fourth Court of Appeals April 7, 2015 Order to Show Cause why Appellant's appeal should not be dismissed for want of jurisdiction, the Fourth Court recites that (1) on January 26, 2015 the trial court signed a Judgment Nunc Pro Tunc correcting the date of the offense, (2) on March 5, 2015 then pro se Appellant filed a Motion to Arrest Judgment [*Contra* TEX. R. APP. P. 22.3 (requiring a motion in arrest of judgment to be filed "no later than 30 days after [] the date when the trial court imposes or suspends sentence in open court")] and (3) on March 19, 2015 then pro se Appellant filed a "Notice of Intent to Appeal." Fifty-two (52) days passed between (1) January 26, 2015 and (3) March 19, 2015. The Fourth Court cites Blanton v. State, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012) for the proposition that "a judgment nunc pro tunc is an appealable order" and Dewalt v. State, 417 S.W.3d 678, 689 (Tex. App. – Austin 2013), *pet. ref'd*, 426 S.W.3d 100 (Tex. Crim. App. 2014) for the proposition that "to perfect an appeal the notice of appeal must be filed within thirty days of the date the trial court signs the judgment nunc pro tunc." Measuring from the January 26, 2015 Judgment Nunc Pro Tunc date, the Fourth Court recites that without a motion for

5

extension of time, pro se Appellant Richard Lares' deadline to file a notice of appeal was February 25, 2015.

In Dewalt, the appellant Suzanne Dewalt had successfully completed her five (5) year prison term when she filed a motion for early termination of her obligation to register as a sex offender which was denied by the trial court. Id at 681. Following the denial, Dewalt timely filed a notice of appeal which prompted the State to procure a "nunc pro tunc" version of Dewalt's judgment of conviction on November 20, 2012. Id. at 681, 689. The Austin Court of Appeals in Dewalt noted that Dewalt had until January 4, 2013 (*i.e.* 30 days after the trial court signed an appealable nunc pro tunc judgment plus a single 15-day extension) to perfect an appeal by filing an amended notice of appeal. However, Dewalt did not file her amended notice of appeal until January 30, 2013 (almost four weeks thereafter). Id. at 689. The Austin Court of Appeals concluded that it lacked jurisdiction to review Dewalt's untimely appeal from the judgment nunc pro tunc. Id. at 691.

Unlike Suzanne Dewalt, then pro se Appellant Richard Lares was not at liberty when he filed his three (3) requests for a judgment nunc pro tunc on (1) February 27, 2012, (2) December 3, 2014 and (3) January 26, 2015. (CR 132-138; 157-163; 164-171). Then pro se Appellant Richard Lares was at all relevant times

6

continuously confined within the Texas Department of Corrections with inherent difficulties in monitoring the status of his case.

In Houston v. Lack, Justice Brennan of the United States Supreme Court wrote of the difficulties with prisoner's [habeas corpus] petitions being timely filed within the 30-day filing period for taking an appeal under Federal Rule of Appellate Procedure 4 (a)(1). 487 U.S. 266; 108 S.Ct. 2379; 101 L.Ed.2d 245 (1988). In Petitioner Prentiss Houston's case, the U.S. District Court stamped the Notice "'filed' 31 days after the habeas judgment – that is, one day after the expiration of the 30-day filing period for taking an appeal under Federal Rule of Appellate Procedure 4(a)(1)" causing the Court of Appeals to dismiss the appeal as jurisdictionally out of time. 108 S.Ct. at 2381. In commenting upon the circumstances confronting prisoners in attempting an appeal, Justice Brennan noted that:

> [t]he situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least

7

place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. *Pro se* prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities – and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

In reversing the Court of Appeals, the U.S. Supreme Court in <u>Houston v. Lack</u> concluded that:

> the Court of Appeals had jurisdiction over petitioner's appeal because the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.

8

Id. at 2385.

The facts in then pro se Appellant Richard Lares case show that Appellant Lares encountered difficulties not even envisioned by Justice Brennan in his commentary in Houston v. Lack. Then pro se Appellant Richard Lares filed three (3) *pro se* requests for a judgment nunc pro tunc spanning a period of two years and eleven months (2 years and 11 months) including requests on February 27, 2012; December 3, 2014 and January 26, 2015. Monitoring three (3) requests for a judgment nunc pro tunc over a nearly three (3) year period would be difficult for a person "at liberty." For a person confined in prison like then pro se Appellant Richard Lares it could be nearly impossible.

In correspondence to the undersigned appointed attorney on appeal and in correspondence to the Court of Appeals, Appellant Richard Lara has emphasized that at all relevant times relating to the filing of his notice of appeal and attempts to perfect an appeal: (1) Appellant Richard Lara did not have legal counsel; (2) Appellant Richard Lara had ineffective assistance of counsel and later no counsel during habeas proceedings; and (3) his wife (from whom Appellant is going through a divorce) had kept and has refused to send him any of his legal documents that would support Appellant's allegations and claims. In fact, Appellant Richard

9

Lara's prior court appointed attorney on appeal withdrew from his case 1 month and 10 days after receiving appointment without filing an appellant's brief.

Unlike the Dewalt case cited by the Court of Appeals in its April 7, 2015 Show Cause Order, then pro se Appellant Richard Lares filed a pro se "Motion to Arrest Judgment" with the trial court on March 5, 2015. (CR 179-207). According to correspondence received from Appellant, then pro se Appellant Richard Lara delivered his pro se "Motion to Arrest Judgment" to Texas Department of Corrections prison authorities on February 25, 2015 (although then pro se Appellant's "Notice of Intent to Appeal" recites that "he sent Motion to Arrest Judgment on February 26, 2015, a day within the 30 days to file). According to Appellant Richard Lares, prison authorities keep letters 3 to 5 days from prisoners before mailing out. Pursuant to Texas Rule of Appellate Procedure 22.3 and the U.S. Supreme Court opinion in Houston v. Lack previously discussed, then pro se Appellant Richard Lares' "Motion to Arrest Judgment" should be considered timely filed. Although not a part of the Fourth Court of Appeals April 7, 2015 Show Cause Order, documentation can be obtained from the Texas Department of Corrections showing when the "Motion to Arrest Judgment" was turned in to Texas Department of Corrections authorities. At the time then pro se Appellant Richard Lara filed his Notice of Intent to Appeal on March 19, 2015, the trial court

10

had still not ruled upon then pro se Appellant Richard Lara's "Motion to Arrest Judgment." (CR 185; 208-212).

Then pro se Appellant Richard Lares' "Notice of Intent to Appeal" recites that he filed "this Notice of Intent to Appeal the Honorable Court's Decision and Ruling on Movant's Motion to Arrest Judgment Pursuant to Tex.App.Proc. Rule 22." (CR 208). However, when the Clerk's Record was filed with the Court of Appeals on April 2, 2015, the trial court judge had still not ruled upon Appellant's Motion to Arrest Judgment. On **May 1, 2015**, Judge Ray Olivarri signed an "Order Denying Motion to Arrest Judgment" which then pro se Appellant Richard Lares had previously filed on March 5, 2015. [See Exhibit "A" (not included in the Clerk's Record filed with the Fourth Court of Apeals on April 2, 2015)].

Texas Rule of Appellate Procedure 22.3 (entitled "Time to File Motion") recites:

> A defendant may file a motion in arrest of judgment before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

In Golden v. State, the 14th District Court of Appeals reviewed a case on appeal in which an Appellant reached a plea agreement on a felony theft enhancement offense in which the State abandoned both enhancement paragraphs and the appellant pled to a Class A misdemeanor and was assessed punishment in

11

the Harris County Jail for four (4) months on June 13, 1991. 833 S.W.2d 291 (Tex.App.-Houston [14th Dist.] 1992, *pet. ref'd*). On June 27, 1991, the Appellant Golden filed his motion in arrest of judgment which the trial court denied on July 2, 1991. Id. at 291. On July 18, 1991, Appellant Golden filed a notice of appeal. Id. at 291.

On appeal, the State argued that the 14th District Court of Appeals should have dismissed the appeal for want of jurisdiction since the notice of appeal was filed more than thirty (30) days after the June 13, 1991 sentence date and therefore Appellant Golden's July 18, 1991 notice of appeal was untimely citing Tex. R. App. P. 41(b). Id. However, the 14th District Court of Appeals concluded:

> We disagree with the State. An order overruling a motion in arrest of judgment shall be considered as an order overruling a motion for new trial for new trial purposes of giving notice of appeal. TEX. R. APP. P. 34 [c]. We hold that we have jurisdiction to entertain appellant's appeal.

Id. at 291-291.

Current Texas Rule of Appellate Procedure 22.4 (entitled "Court's Ruling) provides:

> (a) *Time to Rule; Form of Ruling.* The court must rule on a motion in arrest of judgment within 75 days after imposing or suspending sentence in open court. The ruling may be oral or in writing.
> (b) *Failure to Rule.* A motion not timely ruled on will be deemed denied when the period prescribed in (a) expires.

12

Current Texas Rule of Appellate Procedure 22.5 (entitled "Effect of Denying") provides:

> For purposes of the defendant's giving notice of appeal, an order denying a motion in arrest of judgment will be considered an order denying a motion for new trial.

Applying Texas Rules of Appellate Procedure 22.3, 22.4 and 22.5 and the ruling in Golden v. State to the facts in then pro se Appellant Lares' case, an Appellant would be required to file a notice of appeal within thirty (30) days of the trial court's May 1, 2015 "Order Denying Motion to Arrest Judgment (*i.e.* no later than May 31, 2015).

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant Richard Lares prays that this Court of Appeals rule that it does have jurisdiction over Appellant's appeal and not dismiss Appellant's appeal for want of jurisdiction.

Respectfully submitted,

LAW OFFICES OF
HITCHINGS & POLLOCK
645 S. Presa
San Antonio, Texas 78210
Tel: (210) 224-1433
Fax: (210) 224-4840

By:/s/ Barry P. Hitchings
    BARRY P. HITCHINGS

13

State Bar No. 09723600
hpb@stic.net
Attorney for Appellant Richard
Lares

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Appellant Richard Lares' Response to Fourth Court of Appeals April 7, 2015 Show Cause Order was served by e-filing at jeanette.canales@bexar.org to the Bexar County Criminal District Attorney's Office, Appellate Section, Bexar County Justice Center, 300 Dolorosa, San Antonio, Texas, attorneys for the state, on May 7, 2015.

/s/ Barry P. Hitchings
BARRY P. HITCHINGS

## CERTIFICATE OF COMPLIANCE

1.      This Appellant Richard Lares' Response to Fourth Court of Appeals' April 7, 2015 Show Cause Order complies with the type-volume limitation of Tex.R.App.P. 9.4 (i)(1)(2) because this Show Cause Response contains words, excluding parts of the Show Cause Response exempted by Tex. R.App.P. 9.4 (i)(1).

2.      This Appellant Richard Lares' Response to Fourth Court of Appeals' April 7, 2015 Show Cause Order complies with the typeface and type style requirements of Tex.R.App.P. 9.4(e) because this Appellant Richard Lares' Response to Fourth Court of Appeals' April 7, 2015 Show Cause Order has been prepared in a proportionally spaced typeface using Word Perfect X4 for Windows in 14 point font size and Times New Roman type style.

/s/ Barry P. Hitchings
BARRY P. HITCHINGS
Attorney for Appellant
Dated: May 7, 2015